Al DeARTEAGA, Plaintiff,

v.

PALL ULTRAFINE FILTRATION CORPORATION, Defendant.

Civ. No. 86–0558 (JAF).

United States District Court, D. Puerto Rico.

Nov. 17, 1987.

Enrique Bray, Dominguez & Totti, San Juan, P.R., for plaintiff.

Jorge L. Capó, O'Neill & Borges, San Juan, P.R., for defendant.

## OPINION AND ORDER

FUSTE, District Judge.

This is an action for age discrimination under Law 100 of June 30, 1959, as amended, 29 L.P.R.A. Section 146, in which plaintiff alleges he was dismissed from his position as Regional Sales Manager because of his age. Plaintiff invokes our diversity jurisdiction under 28 U.S.C. Section 1332. By our opinion and order of September 9, 1987, we denied defendant's motion for summary judgment. This matter is now before the court on defendant's motion for reconsideration, and plaintiff's opposition thereto. After a fresh look at the facts and law, by this opinion and order, we hereby GRANT the motion for reconsideration.

## THE STANDARD FOR SUMMARY JUDGMENT

Summary judgment is only proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). A factual dispute is material if it "affects the outcome of the litigation," and genuine if manifested by "substantial" evidence "going beyond the allegations of the complaint." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). In passing on a summary judgment motion, the court must review the record and draw inferences in the light most favorable to the opposing party. *Poller v. Columbia Broadcasting System*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). A party opposing summary judgment cannot rest on the allegations in the complaint. He must come forward with evidentiary affidavits, or the undisputed statements contained in the movant's affidavits are taken as true. *Smith v. Saxbe*, 562 F.2d 729, 733 (D.C.Cir.1977). Summary judgment is a proper procedural tool that may "secure the just, speedy and inexpensive determination" of a case, where, in consideration of the substantive law, there is no issue as to the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). We keep these principles in mind in reconsidering the motion for summary judgment and its opposition.

## THE FACTS

We briefly recap the uncontested material facts set forth previously, and supplement them accordingly. Defendant Pall Ultrafine Filtration Corporation, ("Pall Ultrafine"), hired plaintiff Al DeArteaga ("DeArteaga"), at the age of 46 years, on August 13, 1984, to fill the position of Regional Sales Manager for the company's southeast region. That region comprises Puerto Rico, Georgia and Florida. On July 10, 1985, eleven months after he was hired, DeArteaga was summarily dismissed from his position.

Pall Ultrafine markets and sells ultrafine filtration elements for industrial use. Defendant sells its products to distributors who, in turn, sell the products to their customers. Pall Ultrafine's only distributor in Puerto Rico is Inseco, Inc. ("Inseco").

At the time of his job interview, DeArteaga made it clear that his prior work experience was concentrated in the sales and marketing of products unrelated to filtration equipment. DeArteaga states in his supporting sworn statement that "[d]espite my obvious lack of technical experience in large filtration equipment, I was hired as Regional Sales Manager for the Southeastern United States." Sworn Statement at 1. Additionally, the prior and present regional managers all had and have engineering and/or industry-related sales

experience. The duties of the regional sales managers include maintaining and increasing sales, providing technical assistance and support to distributors' salespersons and to customers of the distributors. Generally, the regional sales manager assists the distributors' salespersons by acting as a liaison between the salespersons, the industrial customer, and Pall Ultrafine's home office.

Fred Nordhauser ("Nordhauser") became Vice-President of Distribution for Pall Ultrafine in November, 1984, and held that position until March, 1986. He was DeArteaga's direct supervisor from November, 1984, until DeArteaga's discharge on July 10, 1985. After two to three weeks of supervising DeArteaga, Nordhauser signed his three-month job performance review, based primarily on the information provided by DeArteaga's previous supervisor. The review indicated that DeArteaga was generally performing satisfactorily, but it was not an unqualified appraisal of DeArteaga's work.

Inseco has maintained a distributor relationship with Pall Ultrafine since 1971. Inseco sells Pall Ultrafine's products through salespersons, who are also engineers or industrially-trained salespersons. Inseco's yearly volume of sales of Pall Ultrafine products is between 1 and 1.5 million dollars. The president of Inseco is Jack Gold.

Towards the end of December, 1984, Gold advised Nordhauser that he was concerned that DeArteaga's lack of technical skills might hurt Inseco's sales efforts. Nordhauser assured Gold that DeArteaga would undertake the necessary training and have the technical competence to effectively assist Gold's sales efforts.

During the first months of 1985, Nordhauser became concerned with deficiencies in DeArteaga's work performance. Nordhauser found that DeArteaga committed many mistakes in his trip report worksheets. On one trip report, DeArteaga referred to a filter product that did not exist. On two different trip reports, DeArteaga referred to the wrong filter purchased and used by a customer in Chicago. On one of these occasions, Pall's distributor in Chica-

go brought it to the attention of Nordhauser by a May 1985 Memorandum. Nordhauser later brought the memo to DeArteaga, who admitted the mistake to Nordhauser.

Nordhauser met with DeArteaga on April 8, 1985, to discuss the errors on DeArteaga's trip reports, and his concern with DeArteaga's lack of technical knowledge with Pall Ultrafine's products. He summarized this conversation into a June 21, 1985, memo to Jack Cole, the President of Pall Ultrafine. He stated in the memo that DeArteaga should work harder and accelerate his learning technical information. It read in pertinent part: "Related my dismay of ability to support salesmen and customer in that DeArteaga now active for almost 1 year. Reviewed conversation between DeArteaga and Gold in May which reflected the same concerns."

Jack Gold, President of Inseco, also related his dismay about DeArteaga's capabilities to Nordhauser. During the first part of 1985, Gold complained to Nordhauser that DeArteaga did not have sufficient technical knowledge to assist his salespersons. DeArteaga also complained to Nordhauser that Gold's salespersons were not cooperating with him. Nordhauser was concerned that DeArteaga's lack of technical knowledge and friction with Gold's sales staff was having an adverse affect on Pall Ultrafine's business relationship with Inseco.

## THE ANTI–DISCRIMINATION ACT

Under Law 100 of June 30, 1959, 29 L.P.R.A. sec. 146 *et seq.*, a private cause of action exists for any person discharged from employment on the basis of age. If the employee can show that the discharge was "without good cause," he will enjoy a statutory, rebuttable presumption of discrimination. 29 L.P.R.A. sec. 148. Section 185b sets forth an illustrative list of good causes for discharging an employee, which includes inefficient work. *See* 29 L.P.R.A. sec. 185b(c). Upon establishing the facts which trigger the presumption, the burden shifts to the employer to prove, by a preponderance of the evidence, that the dismis-

sal was not discriminatory. The defendant has the burden of both producing the evidence, as well as persuading the trier. *Ibañez v. Molinos de Puerto Rico, Inc.,* 114 D.P.R. 42 (1983); See also *Odriozola v. Superior Cosmetic Distr. Corp.,* 85 JTS 51 (1985). Therefore, under Law 100, a plaintiff may establish a cause of action for discrimination by showing that the dismissal was without good cause. *See Ibañez,* 114 D.P.R. at n. 2; *Odriozola,* 85 JTS at n. 7.

DeArteaga maintains that he was dismissed without good cause for the following reasons: He reached his 1985 yearly sales quota for the region of Georgia, and came close to reaching the 1985 yearly sales quota for Puerto Rico and Florida; Inseco was the cause for not reaching the Puerto Rico sales quota; he received no complaints nor warnings concerning the sales quotas or his job performance; he only made errors on three report worksheets; and a regional sales manager fifteen years his junior had nearly identical 1985 yearly sales quotas as DeArteaga, but was not fired. In sum, DeArteaga argues that he was doing a satisfactory job and, therefore, there could be no good cause for firing him.

Arguably, only one of the above proffered facts supports a finding that DeArteaga was dismissed absent good cause: that he reached his 1985 yearly sales quota for the region of Georgia. The remainder of the factual bases do not support his conclusion that he was doing a satisfactory job: (1) the accusation that Inseco was the cause for his not reaching the Puerto Rico sales quota, even if true, is no argument in his favor; (2) the lack of warnings or complaints does not mean that one's work is satisfactory; (3) the fact that he made three errors on trip worksheet reports indicates his work was not satisfactory; and (4) the work of a younger regional sales manager has no relevance to DeArteaga's work performance.

However, even assuming that DeArteaga is entitled to the rebuttable presumption of discrimination, we find as a matter of law that defendant has satisfied his bur-

dens in the context of a summary judgment motion that the motive for the discharge was not discriminatory. Though it is "not necessary under this statute, to prove the cause of the discharge," *Ibañez v. Molinos, supra* (official English translation at 16), Pall Ultrafine has filled the record with information and documentation showing that DeArteaga was not adequately performing as a regional sales manager for the company. The uncontested facts are that plaintiff lacked technical knowledge in the field of filtration; committed numerous errors in his trip worksheet reports, including one spotted by one of the distributors, and had friction with the sales staff of Pall Ultrafine's only Puerto Rico distributor, Inseco, with whom it earned yearly a million dollar business.

We make the above conclusion in light of DeArteaga's own admissions concerning his lack of proof of age discrimination. In his motion in opposition to summary judgment, he admits that "there is no direct evidence that establishes that plaintiff was dismissed because of his age." Plaintiff's opposition at 22. Instead, he argues that "there is sufficient circumstantial evidence" of discrimination. *Id.* Furthermore, he admitted in his deposition that he does not "have any proof that I was dismissed because of my age." (DeArteaga deposition, August 25, 1986, pp. 62–63). This merely appears to be a situation where the employee, though competent he may be in general sales and marketing, lacked the necessary technical experience for this job.

Because we find on reconsideration that defendant has proven by a preponderance of the evidence that the dismissal was not based on age, the court GRANTS the motion for summary judgment, and DISMISSES the complaint.

IT IS SO ORDERED.